# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PAUL,<br><br>        Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, et al.,<br><br>        Defendants.<br>_____/ | CASE NO.   1:11-cv-00769-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Robert Paul ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 12, 2011 and consented to Magistrate Judge jurisdiction on May 20, 2011. (ECF No. 1 & 7.) Plaintiff's Complaint is now before the Court for screening.

For the reasons set forth below, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

//

## II. SCREENING REQUIREMENTS

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

## III. SUMMARY OF COMPLAINT

Plaintiff brings this action for violations of his rights under the Americans with Disabilities Act[1] and the Eighth Amendment. Plaintiff names the following individuals as

---

[1] Plaintiff states that he is bringing this action under the Americans with Disabilities Act, however, nothing in the statement of the case appears to be subject to the ADA. Thus, the Court will not address

2

Defendants: Kathleen Allison, Dr. O. Onyeje, Mora, and Naverette.

Plaintiff alleges as follows: On August 16, 2010, Plaintiff tripped and/or slipped on a broken or chipped wet tile floor, fell, and injured his left shoulder. Plaintiff was taken to the clinic and diagnosed with a dislocated shoulder. A nurse applied a bandage, a doctor ordered an x-ray, and Plaintiff was given pain medication. Plaintiff submitted a request for additional pain medication, but he did not receive more until August 26, 2010 when he was seen by Defendant Onyeje for an unrelated reason.

On October 8, 2010, Defendant Onyeje saw Plaintiff again, but failed to examine Plaintiff thoroughly and refused to recommend that Plaintiff see a bone specialist for his protruding shoulder bone. Plaintiff filed a grievance complaining about the injury and resulting pain, which was denied at all levels.

Plaintiff repeatedly informed medical staff of his pain and suffering, but no response was received.

Plaintiff seeks declaratory relief, and monetary, compensatory, and punitive damages.

## IV.    ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal

---

the alleged ADA violation.

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A.     Failure to Train/Supervise Claim

Plaintiff alleges that Defendant Allison failed to train and/or supervise her employees. Plaintiff also claims that Defendant Allison failed to investigate the incident.

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 691 (1978). Therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). In other words, "[u]nder § 1983 a supervisor is only liable for his own acts. Where the constitutional violations were largely committed by subordinates the supervisor is liable only if he participated in or directed the violations." Humphries v. County of Los Angeles, 554 F.3d 1170, 1202 (9th Cir. 2009).

A supervisor's failure to train subordinates may give rise to individual liability under Section 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation. Id. at 1214; see also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

Here, Plaintiff's conclusory allegations state nothing in the way of demonstrating this

4

claim and therefore fails to state a claim.  It does not appear that Defendant Allison was aware of Plaintiff's injury or how it occurred.  Furthermore, Plaintiff does not state anything about any inadequate training, that the inadequate training was a deliberate choice made by Defendant Allison, or that the inadequate training caused the constitutional violations.

If he chooses to amend this claim, Plaintiff must specify which aspects of Defendant's training were deficient, how Defendant Allison was responsible for those deficiencies, and how those deficiencies caused subordinate Defendants to harm Plaintiff.

### B. Conditions of Confinement Claim

Plaintiff alleges that Defendants Mora and Naverette were deliberately indifferent to the conditions of confinement in violation of the Eighth Amendment.  Specifically, Plaintiff alleges that Defendants failed to walk around the building where Plaintiff's injury occurred, and inspect and detect all hazardous/dangerous/threatening conditions. Plaintiff states that he fell because of the condition of the floor.  Plaintiff states that the floor was wet and chipped causing a risk to Plaintiff's safety.[2]

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety.  See id. at 834.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of

---

[2] The Court notes that Plaintiff's fall occurred somewhere near or in the bathroom.

5

an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citation omitted).  The Eighth Amendment's prohibition of cruel and unusual punishment "imposes a duty on prison officials to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of the inmates. However, every injury suffered by an inmate does not necessarily translate into constitutional liability for prison officials." Osolinski v. Kane, 92 F.3d 934, 936-37 (9th Cir. 1996).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v.. Brennan, 511 U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835.

Plaintiff states that, upon exiting the bathroom, he slipped and fell on a wet and broken/chipped tile floor, injuring his shoulder.  Plaintiff alleges that Defendants Mora and Naverette were on duty at that time.  Plaintiff also alleges that staff failed to place a work order for a repair.  Plaintiff state that Defendants Mora and Naverette failed to walk around

6

building. This indicates that Defendants Mora and Naverette were not aware that the bathroom floor was in disrepair. Defendants cannot be deliberately indifferent to a condition that they were not aware of. Thus, Plaintiff's claim fails and he is given leave to amend. To state a claim, Plaintiff must demonstrate deliberate indifference to a substantial risk of harm.

### C.     Medical Care Claim

Plaintiff alleges that Defendant Onyeje was deliberately indifferent to Plaintiff's serious medical need in violation of the Eighth Amendment. Specifically, Plaintiff alleges that Defendant Onyeje failed to adequately examine Plaintiff and was deliberately indifferent to Plaintiff's injury when Plaintiff requested to be seen by a bone specialist.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

7

named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett, 439 F.3d at 1096. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Estelle, 429 U.S. at 104-105. The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing

8

McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974

9

F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff fails to sufficiently state a violation by Defendant Onyeje. Plaintiff states that Defendant Onyeje saw Plaintiff at least twice, and that he ordered an x-ray. Plaintiff states that Defendant Onyeje also prescribed additional pain medication. These statements do not demonstrate deliberate indifference. It appears that, perhaps, Plaintiff disagreed with the treatment he received and with Defendant's denial of a recommendation to a bone specialist. However, as stated above, mere disagreement does not state a claim for deliberate indifference. Thus, Plaintiff has failed to state a claim against Defendant Onyeje. Plaintiff is given leave to amend his claim. If he chooses to do so, he must keep in mind the above legal standard.

**D.    Personal Participation and Supervisory Liability**

It appears that Plaintiff is arguing that Defendant Allison is liable for the conduct of

10

her subordinates as she was not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal

involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that Defendant Allison personally acted to violate his rights. If Plaintiff chooses to amend and include this Defendant, he needs to specifically link each Defendant to a violation of his rights.

### E.     Declaratory Relief

Plaintiff states that he seeks declaratory relief. With regard to declaratory relief, "[a] declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that

verdict will be a finding that Plaintiff's constitutional rights were violated. A declaration that Defendants violated Plaintiff's rights is unnecessary.

## V.      **CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims. Plaintiff should focus the amended complaint on claims and defendants relating solely to his fall, subsequent shoulder injury, and treatment of that injury.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint,"

refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

2. Plaintiff shall caption the amended complaint First Amended Complaint" and refer to the case number 1:11-cv-769-GBC (PC); and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   October 6, 2011                                    _____
                                                                                UNITED STATES MAGISTRATE JUDGE