# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PAUL,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　Defendants. | ) 1:11cv00769 DLB PC<br>)<br>)<br>) ORDER DISMISSING<br>) ACTION FOR FAILURE TO<br>) STATE ANY CLAIMS<br>)<br>)<br>)<br>) |

Plaintiff Robert Paul ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 12, 2011. On October 6, 2011, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. On December 6, 2011, Plaintiff filed his First Amended Complaint ("FAC"). He names Warden Kathleen Allison, Correctional Officers Mora and Naverett and Dr. Onyeje as Defendants.[1]

## A.   LEGAL STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

---

[1] Plaintiff consented to the jurisdiction of the Magistrate Judge on May 20, 2011.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

      A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

      Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572

F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B.  **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges that he is 61 years old and is mobility-impaired.  He is incarcerated at the California Substance Abuse Treatment Facility, where the events at issue in this action occurred.

On August 16, 2010, at approximately 3:00 a.m., Plaintiff alleges that he sustained a severe injury to his left shoulder/clavicle after slipping and falling on "broken and chipped out tile flooring."  Complaint, at 6.  Defendants Mora and Naverette were on duty at the time of the incident.  Plaintiff alleges that they knew, or should have known, of the problem and reported it to Building Maintenance.  According to Plaintiff, the broken tiles are in the path of the entry/exit of the lower "C" section restroom.

Plaintiff was taken to the treatment center, where the nurse on duty diagnosed him with a dislocated shoulder/clavicle and applied an ace bandage.  Attending physician Dr. Metts ordered an x-ray.  Plaintiff received one pain pill while at the treatment center and another two days later.  He submitted a request for additional medication and received it on August 26, 2010.

On August 16, 2010, at about 12:00 p.m., Plaintiff was summoned to the treatment center for an x-ray.  The x-ray technician told Plaintiff that he would send the results to a doctor at the Facility B medical clinic.

On August 26, 2010, Plaintiff was summoned to the Facility B medical clinic and seen by Defendant Dr. Onyeje for another issue.  Dr. Onyeje stated that he was unaware of Plaintiff's shoulder injury and denied seeing a report about the injury.  Dr. Onyeje prescribed "light medication that was inadequate" to relieve Plaintiff's severe pain.   FAC, at 7.

Plaintiff alleges that on October 8, 2010, Dr. Onyeje inadequately examined and diagnosed Plaintiff's injury.  Plaintiff requested to be seen by a bone specialist "due to [his]

protruding shoulder/clavicle." FAC, at 7. Plaintiff contends that the protruding bone was clear and that Dr. Onyeje had his medical records in front of him. Plaintiff's request was denied.

Plaintiff alleges that although he repeatedly informed medical staff about the pain, his request to see a bone specialist was denied. Plaintiff contends that he did not receive serious medical attention until Dr. Metts was placed at the Facility B medical clinic. Dr. Metts scheduled Plaintiff for an appointment with a specialist in August 2011.

Based on these factual allegations, Plaintiff alleges that Defendants violated the Eighth Amendment.

C.   **ANALYSIS**

   1.   *Failure to Train*

Plaintiff first alleges that Defendant Allison failed to adequately train officers "to observe and respond to any and all unsafe" hazards and dangers. He contends that as a "mobility impaired or wheelchair person," Defendant Allison knew, or should have known, that her failure to train officers would create an unreasonable risk of harm to Plaintiff.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Iqbal at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

A supervisor's failure to train subordinates may give rise to individual liability under Section 1983 where the failure amounts to deliberate indifference to the rights of persons

whom the subordinates are likely to come into contact.  See Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998).  To impose liability under this theory, a plaintiff must demonstrate that the subordinate's training was inadequate, that the inadequate training was a deliberate choice on the part of the supervisor, and that the inadequate training caused a constitutional violation.  Id. at 1214; see also City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

     Here, Plaintiff has not alleged that Defendant Allison knew of the alleged violation and failed to prevent it, or that she made a knowing choice to inadequately train officers in identifying potential hazards.  In response to the Court's order dismissing the complaint with leave to amend, Plaintiff added conclusory legal statements to his allegations against her, but the additions do not cure the deficiencies previously identified.  For example, Plaintiff now states that she "knew or should have known" that her conduct would create an unreasonable risk of harm to Plaintiff, yet he presents no facts to support this.  Plaintiff must do more than state a legal conclusion to state a claim.  Iqbal, 129 S. Ct. at 1949 (citations omitted).

     Moreover, there can be no supervisory claims where there is no underlying violation.  *Starr v. Baca,* 652 F.3d 1202, 1205–1208 (9th Cir.2011)

     2.     *Defendants Mora and Naverette*

     Plaintiff alleges that Defendants Mora and Naverette, who were on duty at the time of his fall, violated the Eighth Amendment by failing to act reasonably in response to the danger related to the broken tiles.  He further contends that they knew, or should have known, that their conduct would create an unreasonable risk of harm to Plaintiff.

     The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

(quotation marks omitted).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To succeed on an Eighth Amendment conditions of confinement claim, a prisoner must show that (1) the defendant prison official's conduct deprived him or her of the minimal civilized measure of life's necessities and (2) that the defendant acted with deliberate indifference to the prisoner's health or safety.  Farmer, 511 U.S. at 834.  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson, 503 U.S.at 9.

Here, Plaintiff fails to demonstrate that Defendants Mora and Naverette were deliberately indifferent to a substantial risk of harm to his health or safety.  Although Plaintiff states that they knew, or should have known, of the risk associated with the broken tiles, he failed to state additional facts to support his claim.  Again, legal conclusions are insufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citations omitted).  It is also unlikely that Defendants' failure to fix chipped or broken tiles would rise to the level necessary to demonstrate an extreme deprivation.

To the extent that Plaintiff suggests that Defendants Mora and Naverette failed to follow a prison policy, a negligent failure to follow prison rules is not, by itself, a constitutional violation. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1051–52 (9th Cir.2002) (there is no constitutional prohibition against double-celling and negligent failure to follow prison rules is not a constitutional violation).

### 3. *Defendant Onyeje*

Finally, Plaintiff argues that Defendant Onyeje failed to adequately treat Plaintiff by denying his requests to see a bone specialist. He also alleges that Defendant Onyeje failed to investigate the incident and that he knew, or should have known, that Plaintiff was not receiving sufficient medical treatment.

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must show deliberate indifference to his serious medical needs. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)) (quotation marks omitted). The two-part test for deliberate indifference requires the plaintiff to show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) the defendant's response to the need was deliberately indifferent. Jett, 439 F.3d at 1096 (quotation marks and citation omitted).

Deliberate indifference is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference. Id. (citation and quotation marks omitted). Deliberate indifference may be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Id. (citation and quotations omitted). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. Berry v.

Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

As the Court explained in its previous order, it appears that Plaintiff simply disagrees with Dr. Onyeje's refusal to send him to a bone specialist. A "difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Although Plaintiff faults Dr. Onyeje's refusal to send him to a bone specialist, no aspect of his treatment rises to the level of deliberate indifference to a serious medical need. Plaintiff first saw Dr. Onyeje on August 26, 2010, for an unrelated issue, but when Plaintiff complained about his shoulder, he was given light pain medication. Plaintiff returned to Dr. Onyeje on October 8, 2010. Dr. Onyeje examined Plaintiff's shoulder and noted prominence at the left sternoclavicular joint. He ordered a CT scan of Plaintiff's left shoulder and ordered Plaintiff to continue his current medications. Plaintiff was to return in 30 days. Exh. D, attached to FAC. Plaintiff includes no additional facts related to his medical treatment.

Plaintiff was therefore receiving treatment from Dr. Onyeje for his left shoulder injury, including medication and diagnostic testing. His refusal to grant Plaintiff's request to see a bone specialist does not establish deliberate indifference to a serious medical need.

D.     **CONCLUSION AND ORDER**

Plaintiff fails to state any cognizable claims against any Defendant. Plaintiff was previously provided leave to amend his complaint to cure the deficiencies identified. Plaintiff

appears unable to state a claim and therefore further leave to amend should not be granted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  IT IS THEREFORE ORDERED that:

  1. This action be dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983; and

  2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

  This terminates this action in its entirety.

IT IS SO ORDERED.

  Dated: **January 30, 2013**    /s/ *Dennis L. Beck*
              UNITED STATES MAGISTRATE JUDGE